

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GARY DION ALLEN EL BEY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:20-CV-085-A |
| § | |
| LORIE DAVIS, Director,[1] § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus construed as a petition under 28 U.S.C. § 2254, *see infra,* filed by petitioner, Gary Dion Allen El Bey, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, respondent. After having considered the pleadings, previously filed state-court records, and the relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as an unauthorized successive § 2254 petition. No service has issued upon respondent.

---

[1]In a habeas proceeding brought by a prisoner, generally there is only one proper respondent, the immediate physical custodian of the prisoner. *Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004). Petitioner is confined in the Correctional Institutions Division of the Texas Department of Criminal Justice. Lorie Davis is the director of that division; thus, she is the proper respondent. The Court therefore orders the clerk of Court to remove "Greg Abbott," governor of Texas and David Hagerman, judge of the 297th Judicial District Court of Tarrant County, Texas, as party respondents.

## I. Factual and Procedural History

In August 2017 petitioner was convicted in Tarrant County, Texas, Case Nos. 1451483D and 1451837D, on drug-related offenses and sentenced to two and twenty-five years' confinement.[2] Petitioner has filed a prior federal habeas petition under 28 U.S.C. § 2254 in this court challenging the same convictions. Pet., El-Bey v. Davis, No. 4:18-CV-704-A, doc. 1 (denied on the merits). In the instant petition, petitioner claims that the State of Texas—

(1) violated the 1843 Treaty of Bird's Fort in prosecuting him;

(2) "illegally trespassed and encroached upon aboriginal territory protected from the state by the provisions of the Non-Intercourse Act"; and

(3) "is now illegally operating its court and justice system venue on aboriginal territory of which it had no lawful or legal right to arrest nor prosecute [him]."

(Pet. 1, doc. 1.)

## II. Nature of Suit

Petitioner purports to bring the instant habeas petition under 28 U.S.C. § 2241 habeas-corpus *ad subjiciendum*.[3] He seeks vacatur of his 25-year sentence and "declaratory judgment on the status of the land in question." (Pet. 4, doc. 1.) Title 28

---

[2]The court takes judicial notice of the state-court records filed in petitioner's prior federal habeas action.

[3]A petition for writ of habeas corpus *ad subjiciendum* seeks issuance of what is known as the "Great Writ" of habeas corpus at common law. *See Stone v. Powell*, 428 U.S. 465, 474-75 (1976).

2

U.S.C. § 2254 specifically governs any challenge to a state prisoner's state conviction or sentence. A state prisoner may not use the general provisions found in 28 U.S.C. § 2241 to circumvent restrictions applicable to § 2254 actions. *See* 28 U.S.C. § 2254(a); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (addressing a petitioner's attempt to circumvent the restriction on filing successive motions under 28 U.S.C. § 2255); *Alexander v. Davis*, No. 4:17-CV-440-A, 2017 WL 2377979, at *1 (N.D. Tex. May 31, 2017). Thus, petitioner may not circumvent § 2254's requirements by labeling the petition as something other than what it is. The instant petition is properly characterized as a petition under § 2254.

### IV. Successive Petition

Having so found, 28 U.S.C. § 2244(b) requires dismissal of a second or successive § 2254 petition filed by, or on behalf of, a state prisoner unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

3

The claims raised herein were or could have been raised in petitioner's earlier petition. Thus, from the face of the instant petition and court records, it is apparent that this is a successive petition, and petitioner neither asserts nor demonstrates that he has obtained authorization to file the petition from the appropriate court of appeals. Thus, petitioner must seek authorization from the United States Court of Appeals for the Fifth Circuit to file the petition in this court. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition.[4] *See United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999).

### **WARNING**

Petitioner is warned that the filing of any other successive challenge to his 2017 state-court conviction(s) or sentence(s), without first obtaining and providing to this court an authorization from the United States Court of Appeals for the Fifth Circuit, may result in the imposition of sanctions, including a monetary penalty, a bar to filing any further habeas petitions, motions or lawsuits in this court, or other impediments.

For the reasons discussed herein,

---

[4]Because the court lacks jurisdiction, no ruling is made on petitioner's application to proceed *in forma pauperis*. (Appl., doc. 2.)

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED February 6, 2020.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE